## GRABOSKY v. KEPHART.
### No. 5430.

Circuit Court of Appeals, Third Circuit.
July 16, 1934.
Rehearing Denied Aug. 29, 1934.

Wm. A. Carr and Sidney L. Krauss, both of Philadelphia, Pa., for appellant.

Laurence H. Eldredge, of Philadelphia, Pa. (Montgomery & McCracken, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The gist of this case is thus stated in the opinion of the court below: "The fact situation is that this bankrupt is seeking to carry out a plan evilly conceived and not even sought to be concealed to rob his real creditors. To this end he had pledged all his assets to one friendly disposed to him. His plan is to have these assets exposed to sale under the pledge power, confident that under existing market conditions they will not bring the sum due under the pledge. His further confident belief is that they will be bought in by the pledgee and that he can reclaim them by the payment of the debt for which pledged. This is a blatantly fraudulent scheme."

From an order of the court denying to the bankrupt's creditor "the petition for leave to sell; with leave, however, to renew the application at any time," this appeal was taken. The referee found, and the court approved his finding, that the creditor himself was guilty of no fraud when the petition was presented; but it is clear that now he must see, as we do, his claim is being misused by his friend, the bankrupt, and that he himself is being also used as an agency for perpetrating a fraud on the bankrupt's creditors. The petitioner's debt is in no way jeopardized, and as a majority stockholder and virtually in control of the company whose stock is sought by the bankrupt to be sold, Grabosky, the petitioner, can, by having a dividend declared on the cumulative preferred stock which the company is abundantly able to pay, allocate sufficient money to the bankrupt stock to pay the petitioner's note in full.

So regarding, the order below is affirmed.